UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INEZ M. VELEZ, Prophetess Inez Maria Richardson, Woodstock, Velez,

Plaintiff,

-against-

AMERICA, THE FEDERAL AND STATE GOVERNMENTS AND SSI; CHASE; OPTIMUM; FOND TRAVELS,

Defendants.

25-CV-4582 (GBD)

ORDER OF DISMISSAL

**GEORGE B. DANIELS, United States District Judge:**

Plaintiff, who is appearing *pro se*, brings this action asserting claims that have arisen over a span of many years, beginning in 1952. By order dated September 16, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF 4.) The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in

*pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

The following allegations are drawn from the complaint.[1] Plaintiff Inez M. Velez brings this *pro se* action against Defendants "America," the "Federal and State Governments," "SSI," "Chase," Optimum, and Fond Travels.

Plaintiff identifies herself as a "prophetess and seer" subject to crimes that have been concealed. (ECF 1 at 5.) She alleges that in 1952, when she was about 1½ years old, she was raped in St. Thomas, U.S. Virgin Islands. She contends that "America, the Federal and State governments" concealed the crime for 73 years, from 1952-2025, without providing "atonements." (*Id.*) She further asserts that the government defendants "seized" her "grinding stones or livelihood." (*Id.* at 7.) Plaintiff states that God let her "know as prophetess/seer [that] he will bring in another Covid case pest[ile]nce and cannibalism on us all if [Plaintiff] do[es] not come forward." (*Id.* at 6.)

In October 2024, the Social Security Administration ("SSA") allegedly falsely accused Plaintiff of owing $24,186.67, based on an overpayment of Supplemental Security Income ("SSI") benefits.[2] (*Id.* at 16.) Plaintiff alleges that she suffered profound personal, physical, and mental harms, including stress, trauma, coma, nightmares, hospitalizations, and phleboliths.

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Plaintiff submits a letter with a notice from SSA describing the process for her to seek review of SSA's decision that she owes money, or seek a waiver. (ECF 5 at 2.)

Plaintiff's claims against Chase and Optimum arise from their allegedly unauthorized withholding of Plaintiff's funds and related collection activity. Plaintiff also brings claims against Chase and Optimum for defamation. Plaintiff asserts that, in September 2024, Chase moved $2,046.42 from her savings to checking account without authorization and failed to correct the issue after she disputed the transactions. (*Id.* at 19.) She asserts that Optimum withheld or withdrew $355.91 without a valid service agreement or consent and used her personal information after she unsuccessfully attempted to obtain cable TV service. (*Id.* at 20.) Plaintiff alleges that Chase and Optimum "threw" her into collections and defamed her character. (*Id.*)

Plaintiff states that some of the disputed funds derived from monies associated with non-party Edwin Carambot's life insurance policy proceeds and from a checking account she had used for Carambot's burial expenses and for religious ministry activities. (*Id.* at 19.) Plaintiff contends that Chase had no right to remove those funds. She also alleges that Defendants disregarded warning letters and hospital discharge documentation that she had provided concerning her hospitalizations in 2023-2025.

Plaintiff alleges that Fond Travels failed to refund $8,794 paid for hotel and flight arrangements for a canceled trip, despite her submission of hospital letters from Bronx Care and New York-Presbyterian and a letter from Dr. Michael Pisacano concerning a $2,400 fee for lens cataract surgery in May 2025. (*Id.* at 26.) She contends that Fond Travels disregarded her medical documentation and refund requests, contributing to her stress, hunger, and health deterioration around the time of eye surgeries and postoperative care.

Plaintiff styles her claims as constitutional and statutory violations arising from government concealment of a criminal rape in 1952, denial of justice and "atonements," wrongful SSI actions, unauthorized bank and service-provider withdrawals, defamation, and refusal to

refund travel expenses. She seeks monetary relief, including $800 trillion from the United States, the federal and state governments, and SSI; $2,046.42 plus $2 million from Chase and $355.91 plus $2 million from Optimum for stress and defamation; and $3 billion plus $8,794 from Fond Travels for ignoring doctors' letters and hospitalization documentation. She also seeks justice and the restoration of her livelihood.

## DISMISSAL OF ALL CLAIMS

### A. Claims About SSA Benefits

Individuals may seek judicial review, under 42 U.S.C. § 405(g), of a Social Security benefits determination after obtaining a final decision of the Commissioner of Social Security. To exhaust the administrative review process, a plaintiff must: (1) receive an initial determination concerning benefits; (2) seek reconsideration; (3) request a hearing before an Administrative Law Judge (ALJ); and (4) request that the SSA's Appeals Council review the ALJ's decision. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(1)-(5). Generally, once the Appeals Council issues a final decision, the plaintiff may seek review of it in a federal district court.

Here, Plaintiff does not allege that she is seeking judicial review, under 42 U.S.C. § 405(g), of a final decision of the Commissioner. Instead, Plaintiff seeks damages from the SSA. The SSA, however, enjoys sovereign immunity from suit for money damages. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 70 (2d Cir. 2016) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, (1994)). "[T]he United States has not waived its sovereign immunity for claims by a Social Security claimant seeking monetary relief in addition to benefits awards." *Donnelly v. Barnhart*, 80 F. App'x 701, 702 (2d Cir. 2003); *Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988) ("[Claimants] have not been given a remedy in damages for emotional distress or for other hardships suffered because of delays in their receipt of Social Security benefits."). Plaintiff's claims against "America," the

"Federal Government" or the SSA for damages in connection with the administration of her social security benefits must therefore be dismissed because the United States is immune from suit for damages for such claims. 28 U.S.C. § 1915(e)(2)(B)(iii).[3]

**B. Claims Against Defendants "America," and "Federal and State Governments"**

Plaintiff brings claims against "America," and "Federal and State Governments" arising from her allegations that, from 1952 through 2025, these Defendants "seized" her "grinding stones," which appears to refer to Plaintiff's livelihood and means of support. Plaintiff also alleges that Defendants concealed a criminal rape against her that occurred in 1952, when she was a minor under the care and custody of "America and Federal and State governments." (ECF 1 at 11.)

Plaintiff's allegations do not comply with Rule 8 of the Federal Rules of Civil Procedure because she does not plead sufficient facts to put defendants on notice of the claims against them. Plaintiff alleges that a man raped her in 1952, when she was less than two years old, in St. Thomas, Virgin Islands. It is unclear how the federal government or any State was involved in the events giving rise to Plaintiff's claims, whether any federal or state government employee was involved, or how Plaintiff became aware that this occurred. Moreover, because more than 70 years have passed, there does not appear to be any timely legal theory on which Plaintiff can rely. Plaintiff has not invoked any federal statute that would waive the sovereign immunity of the United States or any State in these circumstances. Plaintiff's claims against America," and "the federal and state governments" are therefore be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

**C. Claims against JPMorgan Chase Bank, Optimum, and Fond Travels**

The complaint can be understood as alleging that JPMorgan Chase Bank and Optimum

---

[3] Nothing in this order prevents Plaintiff from presenting a claim to the SSA regarding computation of her SSI benefits and disputing any alleged overpayment made to her.

"defamed" Plaintiff by referring her debts for collection. She also seems to allege that she received money from a life insurance policy for Edwin Carambot, referred to as the "Jehovah Prophet Edwin Carambot Policy," and money from his checking account; she alleges that she used this money for Carambot's burial and to reimburse herself for policy payments she had made during more than four years. In addition, Plaintiff alleges that Defendant Fond Travels refused to issue Plaintiff a refund when she was unable to travel due to hospitalization.

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of Plaintiff's state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses Plaintiff's federal claims against the United States, the SSA, America, and Federal and State governments, 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), and declines supplemental jurisdiction of Plaintiff's state law claims, 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

**SO ORDERED.**

Dated: AUG 18 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge